IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN ICKES,

           Plaintiff,

    v.                        CASE NO. 07-3252-SAC

UNITED STATES,
et al.,

           Defendants.

O R D E R

This action was brought under the Federal Torts Claim Act, 28 U.S.C. 2671, et seq. (FTCA), by an inmate of the United States Penitentiary, Marion, Illinois. Plaintiff paid the filing fee.

As the factual background for his complaint, plaintiff alleges that while he was an inmate at the United States Penitentiary, Leavenworth, Kansas, he ordered a Bible from a publishing company, for which he paid $95.48. He further alleges that on October 20, 2006, he received the Bible "via the internal mail system of the U.S. Penitentiary at Leavenworth which had numerous pages torn and cut." Plaintiff "believes" there was no damage to the Bible prior to its being opened by "the U.S.P. Leavenworth mailroom personnel," and the damage was caused by a razor or knife. Plaintiff claims entitlement to money damages based upon the "acts of these unnamed/known employees" and alleges deliberate infliction of emotional distress. He seeks to recover for the actual damage to his personal property in the amount of $95.48, punitive damages in the amount of $24,994,52 "for the mental anguish and emotional distress," and the costs of this suit including attorney's fees.

**SCREENING**

Because Mr. Ickes is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds as follows.

**IMPROPER DEFENDANTS**

The only proper defendant in an FTCA action is the United States.  See 28 U.S.C. § 2679.  Plaintiff attempts to name four defendants in addition to the United States: "U.S. Attorney, Federal Bureau of Prisons, U.S.P. Leavenworth, (and) Mailroom Staff, U.S.P. Lvn."  Neither federal agencies nor individual federal employees are proper FTCA defendants.  Plaintiff does not allege ultra vires acts on the part of any federal employee, and makes no cognizable claim against any individual federal employee[1].  Thus, this action may proceed only against the United States, and should be dismissed as against the four additional defendants.  Plaintiff will be given time to show cause why this action should not be dismissed as against all named defendants other than the United States.

**LIMITATION ON AMOUNT OF CLAIM**

From the allegations in the complaint, it appears plaintiff's

---

[1] Plaintiff does not assert a claim under Bivens, and has not named as an individual defendant the person or persons who damaged his Bible and who might be sued under Bivens.  He merely refers to the "mailroom officer," the mailroom staff at USP, and federal employee.  Plaintiff stated in his administrative claim that the employees of the federal BOP were acting within the scope of their employment in handling the Bible he received through the mail room.  He sought replacement of the Bible or compensation for the damage.

2

recovery in this case will be limited to the amount set forth in his administrative claim of $95.48.  The Federal Tort Claims Act pertinently provides:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). "The goal of the administrative claim requirement is to let the government know what it is up against: mandating that a claimant propound a definite monetary demand ensures that '[t]he government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions'." Reilly v. U.S., 863 F.2d 149, 173 (1st Cir. 1988)(citing Martinez v. United States, 780 F.2d 525, 530 (5th Cir. 1986) and S.Rep. No. 1327, 89th Cong., 2d Sess. 2, reprinted in 1966 U.S.Code Cong. & Admn.News 2515, 2516); Robison v. U.S., 746 F.Supp. 1059, 1063 (D.Kan. 1990). The prerequisite to a FTCA action of exhausting the administrative claim in § 2675 is "a jurisdictional limitation, which should be strictly construed." Franklin v. United States, 992 F.2d 1492, 1503 (10th Cir. 1993)(citation omitted); Pipkin v. United States Postal Service, 951 F.2d 272, 273 (10th Cir. 1991).  It follows that the plain terms of § 2675(b) set a damage cap for every FTCA action based on the amount of the administrative claim presented to the federal agency.  Plaintiff's administrative claim, denied on April 12, 2007, was in the amount of $95.48.

Moreover, 42 U.S.C. § 1997e(e) provides the following limitation on recovery in suits by prisoners:

3

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff alleges no facts indicating any physical injury. The court therefore finds that plaintiff's claim for punitive damages in the amount of $24,994.52 should be dismissed. Plaintiff shall be given time to show cause why his claim for punitive damages should not be dismissed.

In sum, it appears from the complaint that plaintiff's claim may proceed against the United States only and for the amount of $95.48 only. Plaintiff will be given thirty (30) days in which to show cause why all defendants other than the United States and his claim for punitive damages should not be dismissed from this action.

**IT IS THEREFORE ORDERED** that plaintiff is given thirty (30) days in which to show cause why this action should not be dismissed as against all defendants except the United States and why his claim for punitive damages in the amount of $24,994.52 should not be dismissed.

**IT IS SO ORDERED**.

Dated this 31st day of October, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

4